# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| | | |
|---|---|---|
| **DONALD J. SMALL, SR.,** | ) | |
| | ) | |
| **PLAINTIFF** | ) | |
| | ) | |
| v. | ) | CIVIL NO. 05-131-P-H |
| | ) | |
| **GENERAL MOTORS** | ) | |
| **CORPORATION, ET AL.,** | ) | |
| | ) | |
| **DEFENDANTS** | ) | |

## ORDER AFFIRMING RECOMMENDED DECISION OF THE MAGISTRATE JUDGE

Upon *de novo* review, I accept the Magistrate Judge's Recommended Decision on Defendants' Motion for Summary Judgment (Docket Item 66). I make the following additional observations.

The defendants assert that the flex fan in question could not have been original issue equipment on the plaintiff's 1979 GMC Jimmy when General Motors Corporation ("GM") first sold it. They have various explanations and affidavits that seem to support their position. As to GM, however, the plaintiff is entitled to rely upon GM's Answer to the Complaint ¶ 15 (Docket Item 4) where GM stated: "In response to paragraph 15, GM admits that Part No. 336032 was the original equipment fan installed on the GMC Jimmy model sold by GM during the model year 1979." Perhaps that was too broad a statement (evidence

now reveals that the fan in question was not installed if the Jimmy had air conditioning as this one did and perhaps a jury will ultimately find for defendants on this issue), but the Answer is enough to create a factual issue on this question.

Honeywell ASCa, Inc. ("Honeywell Canada"), however, did not make an equivalent admission, and GM's Answer does not create a factual issue that can be used against Honeywell Canada. Honeywell Canada argued in its objection that as a component part manufacturer it could not reasonably foresee that this flex fan would be installed in this vehicle. <u>See</u> Objection to Recommended Decision at 7 n.3 (Docket Item 68). This line of reasoning appeared in the defendants' motion for summary judgment as part of the argument for granting summary judgment based on a product misuse defense. Defs.' Mot. for Summ. J. at 16-20 (Docket Item 38). The plaintiff did not present specific facts to establish that it was reasonably foreseeable to Honeywell Canada that this flex fan would be used with the 1979 GMC Jimmy.

Nevertheless, the Magistrate Judge was correct in determining that the plaintiff did present sufficient evidence from which a trier of fact could find that faulty design rather than abuse or misuse led the blade to separate from the fan. That is sufficient to withstand summary judgment as to Honeywell Canada.

It is hereby **ORDERED** that the defendants' motions for summary judgment are **GRANTED** as to all claims against Honeywell International, Inc. but **DENIED** as to General Motors Corporation and Honeywell ASCa, Inc.

**SO ORDERED.**

**DATED THIS 20TH DAY OF FEBRUARY, 2007**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**